IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER COTTLE
            **Petitioner,**

v.

JAMEY P. LUTHER, *et al.*
            **Respondents.**

CIVIL ACTION NO. 21-306

## ORDER

Petitioner filed a *pro se* petition under 28 U.S.C. § 2254 challenging his March 2012 conviction for murder, conspiracy to commit arson, conspiracy to commit assault, and recklessly endangering another person. Magistrate Judge Wells has issued the R&R, recommending that the petition be denied without a hearing because Petitioner's claims were either not cognizable or procedurally defaulted.[1]

As explained in the R&R, Petitioner is not entitled to relief on claims one, two, or three, as they are not cognizable on federal habeas review. Petitioner's first claim of relief rests upon the Commonwealth's "unlawful use of incompetent witness."[2] Although Petitioner asserted that the claim was supported by, "well settled state law (memorandum attached),"[3] he did not attach or later file such a memorandum. In any event, claims arising under state law are not cognizable as relief can only be granted for violations of the Constitution, laws or treaties of the United States.[4]

Petitioner's second claim of relief asserted a "deprivation of PCRA due process where judge failed to fully dispose of all claims."[5] The third claim asserted "[An] arbitrary denial of an

---

[1] *See* R&R [Doc. No. 18] at 1.

[2] *See* Pet. [Doc No. 2] at 8.

[3] *Id.*

[4] *See* 28 U.S.C. § 2254(a).

[5] *See* Pet. [Doc No. 2] at 10.

evidentiary hearing."[6] Federal habeas relief can be granted only based upon proceedings that resulted in the petitioner's conviction, not upon circumstances that occurred during the petitioner's state collateral proceedings.[7] Claims regarding delay or other issues in collateral proceedings cannot be remedied in federal court.[8] Therefore, Petitioner's claims regarding the PCRA proceedings must be dismissed.

Finally, Petitioner asserts in his fourth claim that he is subject to "[an] unconstitutional mandatory minimum application in disregard of statutory guideline."[9] Petitioner did not present claim four on direct appeal, in his PCRA petition, or any time in state court.[10] Therefore, the claim is unexhausted and procedurally defaulted. Furthermore, Petitioner has neither alleged cause and prejudice nor presented new, reliable evidence of his actual innocence to excuse the default. Although the claim must be dismissed without reaching the merits, the Court notes that as Petitioner was over the age of eighteen when the crimes were committed and was convicted of first degree murder, there is no basis for concluding that a sentence of life imprisonment without the possibility of parole constitutes cruel and unusual punishment under the Eighth Amendment.[11]

**AND NOW,** this 21st day of June 2023, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and the related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Carol Sandra Moore Wells, to which no objections have been filed, it is hereby **ORDERED** that:

---

[6] Pet. [Doc. No. 2] at 12.

[7] *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998).

[8] *Id.*

[9] Pet. [Doc No. 2] at 13.

[10] *See* Motion for Post Conviction Collateral Relief, May 14, 2014; Appeal from the Judgment of Sentence Entered March 8, 2012.

[11] *See Miller v. Alabama,* 567 U.S. 460 (2012) (holding mandatory life sentence without the possibility of parole unconstitutional for juveniles)*; United States v. Sierra,* 933 F.3d 95, 98 (2d Cir. 2019) (holding .that mandatory minimum sentence of life imprisonment without the possibility of parole in racketeering case where defendant did not directly commit the murder did not violate the Eighth Amendment).

1. The R&R [Doc. No. 18] is **APPROVED** and **ADOPTED** as set forth herein.

2. The Petition will be dismissed by separate Order.

It is so **ORDERED.**

                              **BY THE COURT:**

                              /s/ Cynthia M. Rufe

                              **CYNTHIA M. R/UFE, J.**